UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas,<br><br>PLAINTIFF<br><br>v.<br><br>Washava Moye; Specific Employees of Alvin S. Glenn Detention Center ("ASGDC"); and Richland County, SC,<br><br>DEFENDANTS | Case No. 3:22-CV-3191-TLW<br><br><br><br>**ORDER** |

This matter is before the Court for review of Plaintiff Marie Assa'ad-Faltas' "Timely and Supported Appeal" of United States Magistrate Judge Shiva V. Hodges' Proper Form Order, ECF No. 7, and Order and Notice, ECF No. 8. ECF No. 10. For the following reasons, Plaintiff's appeal, ECF No. 10, is **DENIED** and the magistrate judge's orders, ECFs Nos. 7 & 8, are **AFFIRMED**.

## BACKGROUND

Plaintiff filed this action against the above-named defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Her complaint seeks injunctive relief, asserts damages pursuant to § 1983, and requests the recusal of both the magistrate judge and the undersigned district judge. *Id.* This matter was referred to the magistrate judge for review of the complaint and handling of all pretrial matters pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

After reviewing the complaint, the magistrate judge issued the two orders

from which Plaintiff now appeals. First, in the Proper Form Order, the magistrate judge directs Plaintiff "to bring this case into proper form" by "complet[ing] a summons form and forms required for service of process." ECF No. 7 at 1. Second, in the Order and Notice, the magistrate judge thoroughly reviews the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915 in order to ascertain whether Plaintiff's complaint states sufficient allegations to state a claim for relief. ECF No. 8. In doing so, the magistrate judge finds that the allegations in Plaintiff's complaint are subject to summary dismissal. *Id.* Accordingly, the Order and Notice provides Plaintiff with the opportunity "to correct the defects in her complaint by filing an amended complaint . . . along with any appropriate service documents." *Id.* at 13.

Both orders are non-dispositive and provide Plaintiff the opportunity to bring her action into proper form, so that it may be considered on the merits and not be subject to summary dismissal. The orders identify specific procedural and factual deficiencies with both Plaintiff's action and complaint and suggest the necessary remedies to bring it into proper form. However, instead of bringing her action into proper form, Plaintiff appealed both of orders to this Court for review. ECF No. 10.

## LEGAL STANDARD

As noted, the appealed orders are non-dispositive. Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-

dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served "within 14 days after being served a copy" of the non-dispositive order. *Id.* Further, the Court's review is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if the decision is "clearly erroneous or contrary to law" may the district judge modify or set aside any portion of the decision. *Id.* A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).

## ANALYSIS

The arguments asserted in Plaintiff's appeal are two-fold. First, she contests the magistrate's denial in the Order and Notice of her request that the magistrate judge and the undersigned recuse themselves from this matter. ECF No.10. Second, she contests the magistrate judge's conclusion that her complaint fails to sufficiently state a § 1983 claim against specific employees of the ASGDC. *Id.* The Court will address each of these arguments in turn. However, before addressing these arguments, the Court will first consider the timeliness of Plaintiff's appeal.

### A.    TIMELINESS OF PLAINTIFF'S APPEAL

At the outset, the Court concludes that Plaintiff's appeal is untimely. As noted above, the appeal of the magistrate judge's non-dispositive rulings must be filed and served within 14 days. Fed. R. Civ. P. 72(a). The two appealed orders were

simultaneously issued on September 22, 2022. ECF Nos. 7 & 8. Plaintiff's appeal is dated October 13, 2022, and it was filed the same day. ECF No. 10. Hence, it was filed 21 days after the two orders were issued. Thus, the appeal is untimely and subject to dismissal.

B. RECUSAL

Plaintiff appeals the section of the Notice and Order addressing her request that both the undersigned and the magistrate judge recuse themself from this matter. *Id.* In that section, the magistrate judge noted that Plaintiff "presents no argument in support of her request." ECF No. 8 at 13. Therefore, "[i]n the absence of evidence requiring recusal of the undersigned or Judge Wooten pursuant to 28 U.S.C. § 455, the undersigned is constrained to deny Plaintiff's request for recusal." *Id.*

The Court has reviewed this section of the Notice and Order with the "clearly erroneous" and "contrary to law" standards in mind. In doing so, the Court concludes that the magistrate judge's conclusion was neither "clearly erroneous" nor "contrary to law." Plaintiff presented no evidence supporting her request for recusal. Indeed, the only time Plaintiff raises the issue of recusal is at the conclusion of the complaint's largely redacted caption, wherein she states that the complaint includes a "Motion for Recusal of Jurists Wooten and Hodges." ECF No. 1 at 1. As the magistrate judge correctly concluded, Plaintiff has presented no evidence supporting her request for recusal. There is thus no basis to reverse the magistrate

judge.[1]

### C.   PLAINTIFF'S FAILURE TO STATE A CLAIM AGAINST ASGDC EMPLOYEES.

Plaintiff next appeals the Order and Notice's section addressing her § 1983 claims against specific ASGDC employees. ECF No. 10. In that section, the magistrate judge concludes that the claims in the complaint, as alleged, failed to state a viable § 1983 claim against the specific employees of ASGDC. ECF No. 8 at 11–12. Specially, the magistrate judge was unsure as to what claim Plaintiff was seeking to allege and concluded that she "appears to be asserting a claim for deliberate indifference to her serious medical needs." *Id.* at 11. The magistrate judge then analyzed the complaint in accordance with the Eighth Amendment and applicable case law and concluded that Plaintiff's complaint failed to state a claim as pled because she could not satisfy the Supreme Court of the United States two-prong test for bringing a cause of action under § 1983 based on prison conditions prohibited by the Eight Amendment. *Id.* at 11–12 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Additionally, the magistrate judge found that Plaintiff "has provided insufficient information for 'Specific Employees of ASGDC' to be identified as individual persons and served with process." *Id.* at 12.

In her appeal, Plaintiff asserts that "[i]t is impossible for [her] to name all the individuals who injured her without discovery [.]" ECF No. 10. The issue of discovery is unrelated to the issue of whether Plaintiff's complaint states a claim for

---

[1] Plaintiff's appeal asserts several arguments for recusal. ECF No. 10. Those arguments are not properly before this Court at this stage of the proceeding as the Court's review is limited to whether the magistrate judge's non-dispositive orders were "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

relief. After all, discovery is not a prerequisite to filing a complaint and parties are permitted under the Federal Rules of Civil Procedure to seek amendment of their complaint when new claims or defendants are identified during post-pleading discovery.

Here, the Court's analysis is limited to whether the magistrate judge's ruling is either "clearly erroneous" or "contrary to law." The Court find that it is not. In reviewing the complaint, the Court finds that the magistrate judge's conclusion that Plaintiff's complaint, as pled, cannot satisfy the Supreme Court's two-prong test in *Farmer* is neither "clearly erroneous" not "contrary to law." The same is true for the magistrate judge's conclusion that Plaintiff failed to provide sufficient information to identify the "Specific Employees of ASGDC" for purposes of service of process. The Court notes that, while Plaintiff's complaint at times discusses 13 employees of ASGDC, it is unclear as to which of these 13 employees fall under the "Specific Employees of ASGDC" identified as codefendants in her complaint. Hence, there is no basis to reverse the magistrate judge.

<u>CONCLUSION</u>

The Court has reviewed the magistrate judge's two non-dispositive orders in accordance with Rule 72(a). In doing so, the Court concludes that the appeal is untimely and thus subject to dismissal. However, even on the merits, the Court concludes that the two orders are neither "clearly erroneous" or "contrary to law." Therefore, for the reasons set forth above, Plaintiff's appeal, ECF No. 10, is **DENIED**, the two orders, ECF Nos. 7 & 8, are **AFFIRMED**, and this matter is

**RECOMMITTED** to United States Magistrate Judge Shiva V. Hodges for consideration of any additional pretrial matters in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_
Terry L. Wooten
Senior United States District Judge

July 14, 2023
Columbia, South Carolina