IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, M.D, M.P.H., | ) | C/A No.: 3:22-3191-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Washava Moye, Specific Employees of Alvin S. Glenn Detention Center, Richland County, SC, Henry Dargan McMaster, Brian Stirling, Donald John Zelenka, Sara Heather Savitz Weiss, Timothy Lee Griffith, Danielle Dixon, John Williamson Kittredge, Jack McKenzie, John Grantland, Mark Tinsley, William Tetterton, ASGDC Officer FNU Goldwire, ASGDC Officer FNU McKinley/Kinney, ASGDC Officer FNU Trapp, ASGDC Officer FNU McClennan, ASGDC FNU Officer Pinckney, ASGDC Office FNU Dier, Leon Lott, Overture Walker, W.H. Skip Holbrook, Byron Gipson, Larry Wayne Mason, Dinah Gail Steele, and all other unknown-named persons who injured and/or conspired to injury Plaintiff and and/or who acted to deny accommodations to the disabled, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's motion for: (1) an extension of time to complete a summons and forms for service of process; (2) recusal of

the undersigned and the Honorable Terry L. Wooten, United States District Judge ("Judge Wooten"); and (3) reassignment of the case to the Honorable Richard M. Gergel, United States District Judge ("Judge Gergel"), the Honorable Cameron McGowan Currie, Senior United States District Judge ("Judge Currie"), or the Honorable Joseph F. Anderson, Jr., Senior United States District Judge ("Judge Anderson"). [ECF No. 17]. All pretrial proceedings in this case are referred to the undersigned pursuant to Local Civ. Rule 73.02(B)(2)(d), (e) (D.S.C.). For the reasons explained below, the undersigned denies Plaintiff's motion for an extension of time, declines to recuse herself from this case, and declines to address Judge Wooten's recusal and the case's reassignment.

The undersigned has reviewed Plaintiff's complaint and issued a report and recommendation recommending that the court summarily dismiss it as frivolous and failing to state a claim on which relief may be granted. If the court accepts the undersigned's recommendation, the Clerk of Court will not issue a summons and the defendants will not be served. Therefore, Plaintiff's motion is moot because the court cannot provide the requested relief.

Plaintiff renews her prior motion for recusal of the undersigned and Judge Wooten. The court previously denied the motion based on Plaintiff's failure to present an argument supporting her request. [ECF Nos. 8, 11]. Plaintiff now claims "Judge Hodges' husband represents R[ichland] C[ounty];

2

and Jurist Wooten had reason to recuse himself from another case involving Lott and RC." [ECF No. 17 at 1].

Recusal of federal judges is generally governed by 28 U.S.C. § 455, which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is warranted if a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). Judges shall also disqualify themselves if any of the circumstances in 28 U.S.C. § 455(b) apply. However, recusal is not required "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Id.* (internal quotation omitted).

The statute includes a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, a judge should recuse himself if "he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

3

>   (i)   Is a party to the proceeding, or an officer, director, or trustee of a party;
>   (ii)  Is acting as a lawyer in the proceeding;
>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
>   (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5).

"[T]here is as much obligation upon a judge not to recuse himself where there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit has explained:

> This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. CONST. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reasons or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring . . . .
>
> It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

*United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (alterations and emphasis in original).

The conditions for recusal in 28 U.S.C. § 455(b) do not apply. Although the undersigned's husband may have "represent[ed] R[ichland] C[ounty]" in prior cases, he is not a party to or a lawyer in this proceeding, has no known interest that could be substantially affected by the outcome of this proceeding, and is not likely to be a material witness in this proceeding. Because Plaintiff has not demonstrated a basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, the undersigned is constrained to decline to recuse herself from this matter.

The undersigned defers to Judge Wooten as to the issue of his recusal and reassignment of the case, which would only be required if Judge Wooten were to recuse himself.

IT IS SO ORDERED.

August 9, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge