UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D, M.P.H., <br><br> PLAINTIFF <br><br> v. <br><br> Washava Moye, Specific Employees of Alvin S. Glenn Detention Center, Richland County, SC, Henry Dargan McMaster, Brian Stirling, Donald John Zelenka, Sara Heather Savitz Weiss, Timothy Lee Griffith, Danielle Dixon, John Williamson Kittredge, Jack McKenzie, John Grantland, Mark Tinsley, William Tetterton, ASGDC Officer FNU Goldwire, ASGDC Officer FNU McKinley/Kinney, ASGDC Officer FNU Trapp, ASGDC Officer FNU McClennan, ASGDC FNU Officer Pinckney, ASGDC Office FNU Dier, Leon Lott, Overture Walker, W.H. Skip Holbrook, Byron Gipson, Larry Wayne Mason, Dinah Gail Steele, and all other unknown-named persons who injured and/or conspired to injury Plaintiff and and/or who acted to deny accommodations to the disabled, <br><br> DEFENDANTS | Case No. 3:22-cv-3191-TLW <br><br><br><br> ORDER |

  This matter is before the Court on Plaintiff's motion for recusal of the assigned magistrate judge and the undersigned district judge, arguing that they "write stupid stuff [.]" ECF No. 17 at 1. Specifically, regarding the undersigned, Plaintiff asserts that "Jurist Wooten had reason to recuse himself from another case involving [Defendant Sherriff Leon] Lott and R.C. [("Richland County")]." *Id*. Plaintiff does not assert that this Court recused itself in another case—but only that it "had reason to" do so. *Id*. This

Court can find no recusal order in any such case. For the reasons set forth below, Plaintiff's motion is **DENIED**.[1]

Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard based on a "reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. DeTemple*, 162 F. 3d 279, 286 (4th Cir. 1998). The basis of the disqualification must come from an "extrajudicial source," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554-55 (1994). If a party is unhappy with a judge's rulings, his proper path is to file an appeal. *Id.* at 555. As the Supreme Court of the United States stated in *United States v. Gordon*, 61 F. 3d 263, 268 (1995), "litigants may not make the trial judge into an issue because they dislike the court's approach or because they disagree with the ultimate outcome of their case."

Additionally, §455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation omitted). The Fourth Circuit recognizes that overly-cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287.

---

[1] The magistrate judge has already denied the motion as it pertains to her. ECF No. 19.

As noted, Plaintiff asserts that the undersigned "write[s] stupid stuff" and has recused himself in another case involving Sheriff Lott and Richland County. *Id.* Regarding the prior case, Plaintiff fails to provide the name or citation of the case. Again, the Court has not been able to locate any such order. Moreover, Plaintiff's motion only states that the undersigned "*had reason to* recuse himself" from that case, yet it does not provide (1) the basis for the undersigned's purported recusal in that case, (2) any argument as to why the undersigned's purported recusal in that case would warrant recusal here, or (3) any analysis as to the similarities or differences between the legal and factual circumstances of that case and the present case. In sum, Plaintiff has neither asserted a cognizable nor cogent argument for the undersigned's recusal. As noted, prior "judicial rulings alone almost never constitute a valid basis" for recusal. That holds true here, and Plaintiff's loan assertion that the undersigned "had reason to recuse himself from another case" involving two of the twenty-six named defendants (and an unknown number of unnamed defendants) is insufficient to warrant recusal. Accordingly, Plaintiff's motion for recusal, ECF No. 17, is **DENIED**.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 24, 2023
Columbia, South Carolina