UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D, M.P.H., <br><br> PLAINTIFF <br><br> v. <br><br> Washava Moye, Specific Employees of Alvin S. Glenn Detention Center, Richland County, SC, Henry Dargan McMaster, Brian Stirling, Donald John Zelenka, Sara Heather Savitz Weiss, Timothy Lee Griffith, Danielle Dixon, John Williamson Kittredge, Jack McKenzie, John Grantland, Mark Tinsley, William Tetterton, ASGDC Officer FNU Goldwire, ASGDC Officer FNU McKinley/Kinney, ASGDC Officer FNU Trapp, ASGDC Officer FNU McClennan, ASGDC FNU Officer Pinckney, ASGDC Office FNU Dier, Leon Lott, Overture Walker, W.H. Skip Holbrook, Byron Gipson, Larry Wayne Mason, Dinah Gail Steele, and all other unknown-named persons who injured and/or conspired to injury Plaintiff and and/or who acted to deny accommodations to the disabled, <br><br> DEFENDANTS | Case No. 3:22-cv-3191-TLW <br><br><br><br><br><br><br><br> ORDER |

Plaintiff Marie Assa'ad-Faltas, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's complaint was referred to the Honorable Shiva V. Hodges, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). Plaintiff previously moved to recuse both the Magistrate Judge and the undersigned. ECF No. 17. Her motion was separately denied in detailed orders. ECF Nos. 21 & 23. On August 9, 2023, the Magistrate Judge issued a

report and recommendation ("Report"). ECF No. 21. As discussed in detail below, the Report recommends that this Court dismiss all defendants and all federal claims with prejudice and that Plaintiff's state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id.* Plaintiff filed objections to the Report and renews her request that the undersigned recuse himself from this action. ECF No. 25. Accordingly, this matter is ripe for review, adjudication, and disposition.

## BACKGROUND

Plaintiff filed this action against the above-named defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Her claims arise out of her 2022 violations of a 2017 order issued by the South Carolina Supreme Court, which prohibited Plaintiff from contacting any judge, justice, law clerk, clerk of court, or any other officer or employee of the South Carolina Unified Judicial System. *See In the Matter of Marie Assa'ad Faltas,* Case No. 2021-000815 (S.C. June 10, 2022).[1] On March 22, 2022, the South Carolina Supreme Court held a Rule to Show Cause hearing regarding Plaintiff's continued violations of the 2017 order. *Id.* As a result of her multiple violations, the South Carolina Supreme Court sentenced her to a ten-day contempt of court sentence

---

[1] By the South Carolina Supreme Court's count in its order holding Plaintiff in contempt, Plaintiff has filed hundreds of frivolous lawsuits in state and federal court. *See* ECF No. 21–1 at 7–8 ("Since 1997, Respondent has been involved in sixty-four matters before [the South Carolina Supreme Court], twenty-four matters before the [South Carolina] court of appeals, forty-three matters before the Richland County Circuit Court, and thirty-seven matters before the Richland County Magistrates Court . . . Since 1989, Respondent has commenced more than forty actions in the United States District Court of South Carolina, four actions across the three federal districts of North Carolina, sixteen actions in the United States Court of Appeals for the Fourth Circuit, and thirty petitions with the United States Supreme Court. Both the district courts and the Supreme Court have chastised Respondent for her vexatious filing tactics and the latter has limited her ability to file entirely . . . since December 23, 2009, Respondent has filed or attempted to file with the [South Carolina Supreme Court] fifty-three *pro se* appeals or petitions for extraordinary writs, 152 *pro se* motions or supplemental motions, and 100 other items of correspondence, in addition to numerous phone calls and emails to court staff-notwithstanding this Court's explicit orders expressly forbidding such conduct.").

at the Alvin S. Glenn Detention Center ("AGDC") beginning on June 27, 2022. *Id.*; *see Assa'ad-Faltas v. Kittriedge*, Case No. 3:22-cv-00923-TLW (Nov. 7, 2022). Plaintiff has completed her contempt sentence. Her complaint in this action seeks injunctive relief, asserts damages pursuant to § 1983, and requests the recusal of both the magistrate judge and the undersigned district judge. ECF No. 1.

As noted, this matter was referred to the Magistrate Judge for review of the complaint and handling of all pretrial matters pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). After reviewing the complaint, the Magistrate Judge issued the two orders. First, in her Proper Form Order, the Magistrate Judge directed Plaintiff "to bring this case into proper form" by "complet[ing] a summons form and forms required for service of process." ECF No. 7 at 1. Second, in her Order and Notice, the Magistrate Judge thoroughly reviewed the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915 to ascertain whether Plaintiff's complaint states sufficient allegations to state a claim for relief. ECF No. 8. In doing so, the Magistrate Judge found that the allegations in Plaintiff's complaint were insufficient and thus subject to summary dismissal. *Id.*

Both orders were non-dispositive. They provided Plaintiff the opportunity to bring her action into proper form, so that her claims could be considered on the merits and not be subject to summary dismissal. The two orders identifed specific procedural and factual deficiencies with both Plaintiff's action and complaint and suggested the necessary remedies to bring it into proper form. However, instead of bringing her action into proper form, Plaintiff appealed both of orders to this Court for review. ECF No. 10.

On appeal, this Court issued an order, affirming the Proper Form Order and

Order and Notice, and recommitting the matter to the Magistrate Judge for additional review. ECF No. 11. The Magistrate Judge again issued an order directing Plaintiff to comply with the Proper Form Order and Order and Notice. ECF No. 14. Plaintiff filed an amended complaint on July 28, 2023. ECF No. 16.

## THE REPORT

Following Plaintiff's amendment of her complaint, the Magistrate Judge issued a detailed forty-four-page Report on August 9, 2023. ECF No. 21. The Report recommends the Court dismiss all defendants and all federal claims with prejudice given (1) Plaintiff's defiance of the Magistrate Judge's prior orders and (2) because she attempts to bring claims in this action which were previously dismissed with prejudice in a prior case. Further, the Magistrate Judge recommends the Court dismiss Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Id.* at 42.

The Report carefully evaluated each of Plaintiff's claims against each defendant. The Report's classifies each defendant in accordance with the basis for dismissing Plaintiff's claims against them. The Court will review each class in turn.

The Report first finds that claims against several of the defendants are barred by the doctrine of *res judicata*. *Id.* at 14–16. The Report notes that Plaintiff previously brought § 1983 claims against Governor McMaster, AG Zelenka, and AG Weiss arising from her incarceration at ASGDC. *Id.* This Court previously found those claims to be unsupported and dismissed them with prejudice. *See Assa'ad-Faltas v. Moye*, C/A No. 3:22-2018-TLW-SVH, 2022 WL 16748872 (D.S.C. Sept. 21, 2022), *report and recommendation adopted by* 2022 WL 16745100 (Nov. 7, 2022), *aff'd* 2023 WL 4701003 (4th Cir. July 24, 2023). In that action, Plaintiff sought injunctive and declaratory relief

challenging (1) the constitutionality of her detention at ASGDC, (2) the purported monitoring of her jailhouse calls, and (3) the asserted failure to allow her to bank time in a prior case. *Id.* In that action, the Court denied her requests for: (1) a temporary restraining order ("TRO") preventing her from being returned to ASGDC should she receive any future jail sentence; (2) injunctions preventing the recording of any future calls she places from ASGDC and requiring the return of her previously-recorded calls; and (3) requests she be permitted to bank time from prior periods of incarceration. *Id.* This denial was with prejudice. *Id.* Based on the Magistrate Judge's review of Plaintiff's prior action in accordance with the doctrine of *res judicata*, her Report recommends (1) the dismissal of Governor McMaster, AG Zelenka, and AG Weiss as parties, (2) the denial of Plaintiff's requests for a TRO prohibiting her reincarceration at ASGDC, (3) her request for injunctions related to any of her prior and future outgoing calls from ASGDC and the ability to bank time from prior periods of incarceration for which charges were subsequently dismissed. ECF No. 21 at 16.

The Report next addresses Plaintiff's purported claim under the Americans with Disabilities Act ("ADA"). ECF No. 16. Liberally construing Plaintiff's Complaint, the Report finds that "[i]t appears that Plaintiff may be attempting to assert a claim that [a Justice of the South Carolina Supreme Court and court employee]'s efforts to raise funds to fence the area behind the [South Carolina Supreme Court] building will hinder her access to the court in violation of the ADA." *Id.* In reviewing this speculative claim, the Magistrate Judge finds that Plaintiff's ADA claim is not ripe since she "is merely speculating that erection of a fence behind the SCSC building will obstruct her access to a ramp and require she climb the stairs." *Id.* at 17. Similarly, the Magistrate Judge

concludes that, even if Plaintiff could state a valid ADA claim, it is not appropriate for consideration in this case because there is no nexus between the asserted § 1983 violations arising out of her incarceration at ASGDC and the alleged violations of the ADA at the South Carolina Supreme Court's building. *Id.* Thus, the Report recommends that her ADA claim is be summarily dismissed. *Id.* at 17.

The Magistrate Judge next turns to Plaintiff's § 1983 claims. *Id.* In adjudicating this claim, the Magistrate Judge carefully, and individually, reviewed Plaintiff's claims against each relevant defendant in accordance with the pleading requirements for bringing a § 1983 claim in federal court. *Id.* The individuals and entities named in Plaintiff's § 1983 claim are: (1) Richland County, (2) Sherriff Lott, (3) Chairman Walker, (4) Director Stirling, (5) Mr. Griffith, (6) Ms. Dixon, (7) Solicitor Gipson, Officer McClennan, (8) all other unknown-named persons, and (9) collectively, Mr. Grantland, Mr. Tinsley, Mr. Tetterton, Mr. Mason, Ms. Steele, and Chief Holbrook. *Id.* at 17–27. In analyzing each of Plaintiff's claims against each of these defendants individually, the Magistrate Judge concludes that Plaintiff fails to state a claim for relief pursuant to § 1983. *Id.*[2]

The Report notes that, outside of Plaintiff's individual § 1983 claims, the remainder of her § 1983 claim generally asserts Eight Amendment violations related to the conditions of her confinement and purported lack of attention to her medical needs while at ASGDC. *Id.* at 27. In adjudicating these claims, the Magistrate Judge carefully reviewed each of Plaintiff's asserted Eighth Amendment claims against (1) Director Moye, (2) ASGDC Employees, (3) Officer Goldwire, (4) Officer McKinley/Kinney, (5)

---

[2] The Court incorporates the Magistrate Judge's detailed analysis of Plaintiff's § 1983 claims against these defendants herein.

Page **6** of **13**

Officer Trapp, (6) Officer Pinckney, (7) and Officer Dier. *Id.* at 27–40. In reviewing Plaintiff's claims against each of these individuals, the Magistrate Judge concludes that are subject to dismissal for failure to state a claim.

As noted by the Magistrate Judge, to bring a cause of action under § 1983 based on prison conditions prohibited under the Eighth Amendment concerning denial of or inadequate medical care, a plaintiff also must satisfy the Supreme Court's two-pronged test set forth in *Farmer v. Brennen*, 511 U.S. 825, 832 (1994). First, *Farmer*'s "objective prong" requires that Plaintiff demonstrate that the "deprivation alleged [was], objectively, 'sufficiently serious,' the deprivation must be "extreme"—meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). Second, under *Farmer*'s "subjective" prong, Plaintiff must show that ASGDC employees and other officers acted with "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970 (internal quotation marks omitted). The Magistrate Judge individually analyzed Plaintiff's allegations against each of the above ASGDC employees and other officers in accordance with *Farmer*'s two-prong test. *Id.* at 27–40. In doing so, her Report concludes that Plaintiff has failed to allege sufficient facts to support a cause of action for violation of her Eighth Amendment rights under § 1983. *Id.* She thus recommends that the Court dismiss these claims.

Next, the Report concludes that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Id.* at 41. It thus

recommends dismissing them pursuant to 28 U.S.C. § 1367(c)(3). *Id.* Finally, the Report denies Plaintiff's renewed motion to recuse the Magistrate Judge, while leaving the portion of that motion arguing for the undersigned's recusal up to the undersigned. *Id.* at 42.

In summary, the Report recommends that the Court dismiss all defendants and all federal claims with prejudice given (1) Plaintiff's defiance of the Magistrate Judge's prior orders and (2) because she impermissibly seeks to bring claims in this action which were previously dismissed with prejudice in another action. Further, the Magistrate Judge recommends the Court dismiss Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## ANALYSIS

As noted, Plaintiff filed objections to the Report. ECF Nos. 25. Plaintiff classifies her objections as being "combined with [her] motion to reconsider the denial of" her request for the undersigned's recusal. *Id.* Accordingly, the Court will address Plaintiff's motion to reconsider the undersigned's recusal before addressing her objections to the Magistrate Judge's Report.

### A.    PLAINTIFF'S MOTION FOR RECUSAL

In her motion for reconsideration, which the Court construes as a renewed motion for recusal, Plaintiff asserts a litany of conclusory allegations against the undersigned in support of her request for recusal. Chiefly, Plaintiff asserts that she is concerned about the undersigned's "self-respect or lack thereof *in general.*" *Id.* at 1 (emphasis in original). For the reasons set forth below, Plaintiff's motion is **DENIED**.[3]

---

[3] Plaintiff also makes unsupported, conclusory allegations against the Magistrate Judge, former Judge of the United States Court of Appeals for the Fourth Circuit, a former Justice of the South

As noted in the Court's first order denying her request for recusal, the "[r]ecusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard based on a "reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. DeTemple*, 162 F. 3d 279, 286 (4th Cir. 1998). The basis of the disqualification must come from an "extrajudicial source," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). If a party is unhappy with a judge's rulings, his proper path is to file an appeal. *Id.* at 555. As the Supreme Court of the United States stated in *United States v. Gordon*, 61 F. 3d 263, 268 (1995), "litigants may not make the trial judge into an issue because they dislike the court's approach or because they disagree with the ultimate outcome of their case."

Additionally, §455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation omitted). The Fourth Circuit recognizes that overly-cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287.

Here, Plaintiff asserts that the undersigned should recuse himself based on (1)

---

Carolina Supreme Court, a former United States Senator, former attorneys, the Richland County Sherriff, and others. Plaintiff's conclusory allegations against these individuals and entities have no bearing on whether the undersigned is required to recuse himself in this matter.

Page **9** of **13**

rulings against her in prior cases and (2) her apparent belief of a conspiracy to deprive her of justice, which she posits can be established based on her unsupported, conclusory allegations. ECF No. 25. As noted, she asserts recusal is warranted here in conjunction with the conclusory allegations asserted against the individuals and entities noted in footnote 3 of this order along her concern regarding the undersigned's "self-respect or lack thereof *in general*." *Id.* at 1 (emphasis in original). The Court has reviewed Plaintiff's unsupported allegations in accordance with §455(a) and finds that recusal is neither warranted nor required here.

In sum, Plaintiff allegations are "unsupported, irrational [and] highly tenuous speculation." *Cherry*, 330 F.3d at 665. She has neither asserted a cognizable nor cogent argument for the undersigned's recusal. As noted, prior "judicial rulings alone almost never constitute a valid basis" for recusal. That holds true here, and Plaintiff's unsupported, conclusory assertions are insufficient to warrant the Court's reconsideration of its prior order denying her motion to recuse. Accordingly, Plaintiff's motion for reconsideration of the Court's denial of her motion for recusal, ECF No. 25, is **DENIED**.

      B.     <u>PLAINTIFF'S OBJECTIONS TO THE REPORT</u>

Turning to Plaintiff's objections to the Report, the Court is charged with reviewing *de novo* any portion of the Magistrate Judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by

>  the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Moreover, to constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

In reviewing Plaintiff's objections, the Court discerns three *specific* objections.[4] First, Plaintiff asserts that the Report suffers a "fatal flaw" based on "it[s] erroneous insistence on some of relatedness' of the allegations against non-ASGDC employees" to her § 1983 claims. ECF No. 25 at 3. Second, Plaintiff asserts that the Report failed to draw all reasonable inferences in her favor. *Id.* Third, Plaintiff asserts that the Report erred in finding her ADA claim is improper and subject to dismissal. *Id.* at 4.

Plaintiff's first objection asserts that Report erred in concluding that her ADA claim and her claim that Mr. Grantland, Mr. Tinsley, Mr. Tetterton, Mr. Mason, Ms. Steele, and Chief Holbrook conspired to vandalize and steal her truck in retaliation for views she expressed on the internet regarding the murder trial in *State of South*

---

[4] Again, as noted by the South Carolina Supreme Court, "Respondent frequently submits rambling, often incoherent, irrelevant, and long-winded filings in which she addresses non-justiciable matters or requests the Court to intervene in matters outside of [its] jurisdiction." *In the Matter of Marie Assa'ad Faltas,* Case No. 2021-000815 at *7 (S.C. June 10, 2022). That observation holds true here.

*Carolina v. Richard Alexander Murdaugh* are subject to dismissal because they are unrelated to her incarceration at ASGDC. *Id.* at 3. In support of this assertion, she states "FRCP 8 has NO 'relatedness' requirement but allows a plaintiff to allege s many causes of action (even if alternative to each other) as she has." *Id.* Plaintiff is correct that Rule 8 of the Federal Rules of Civil Procedure does not have a relatedness requirement. However, Rules 18 and 20, which govern the joinder of claims and parties respectively, do have a relatedness requirement. Under these Rules a Plaintiff may not bring multiple unrelated claims against unrelated defendants in a single action. *Id.*; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits"). As the Report correctly held, Plaintiff's ADA claim related to the South Carolina Supreme Court building and her conspiracy claim related to the alleged vandalism of her truck are entirely unrelated to her incarceration at ASGDC. The Report properly concluded that they were subject to summary dismissal. Plaintiff's first objection is overruled.

Plaintiff's second objection asserts that the Magistrate Judge did not draw all reasonable inferences in her favor. ECF No. 25 at 3. The Court is not persuaded by this objection. Careful review of the Report illustrates that the Magistrate Judge complied with the applicable standard requiring that liberal construction be afforded to Plaintiff's *pro se* pleadings. Crucially, as noted in the Report, the Court cannot "ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in federal court." ECF No. 21 at 13. As discussed in detail in the forty-four-page Report, Plaintiff claims fail—not because the Magistrate Judge failed to draw reasonable

inferences in her favor—but because Plaintiff failed to allege facts establishing cognizable claims in federal court. Plaintiff's second objection is overruled.

Plaintiff's final objection asserts the Report erred in finding that her ADA claim is subject to dismissal. ECF No. 25 at 4. In support of this assertion, Plaintiff asserts a litany of conclusory allegations against a South Carolina Supreme Court Justice and a court employee related to (1) their participation in a conspiracy to deny her accesses, (2) the propriety of fundraising for a fence surrounding the South Carolina Supreme Court's parking lot, and (3) the ownership and management of the parking lot. *Id.* Plaintiff has not stated a persuasive basis for rejecting the Magistrate Judge's conclusion that her ADA claim is subject to dismissal. As the Report correctly held, the South Carolina Supreme Court Justice and court employee are not appropriate parties to an ADA action based on fundraising efforts to have the parking lot fenced. Similarly, even if Plaintiff could state a valid ADA claim, it would still be subject to dismissal because it is wholly unrelated to her incarceration at ASGDC. Plaintiff's third objection is overruled.

Accordingly, for the reasons stated by the Magistrate Judge, the Report, ECF No. 21, is **ACCEPTED**, Plaintiff's Objections, ECF No. 25, are **OVERRULLED**. All of Plaintiff's federal claims in this action are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining state law claims are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

                                                *s/ Terry L. Wooten*
                                                Terry L. Wooten
                                                Senior United States District Judge

October 16, 2023
Columbia, South Carolina